# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| MIKE FERRELL, d/b/a OLE-TIMERZ GAS & GRILL, <br> Plaintiff, <br><br> v. <br><br> ADDINGTON OIL CORP. d/b/a ADDCO, <br> Defendant. | No. 2:08-CV-74 |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the defendant's "Motion To Dismiss Consolidated [Third] Amended Complaint," [Doc. 37]. The plaintiff has responded to defendant's motion, [Doc. 39], and the defendant has replied, [Doc. 40]. The matter is now ripe for disposition. For the reasons which follow, the motion will be **GRANTED IN PART** and **DENIED IN PART**.

### I.     Procedural history

This case has a somewhat tortured procedural history. Plaintiff's complaint was originally filed on March 3, 2008, [Doc. 1]. The defendant responded to the complaint with a motion to dismiss, [Doc. 5]. In response to defendant's motion to dismiss, plaintiff moved to amend/revise his complaint, [Doc. 10], and an amended complaint was filed on May 8,

2008, [Doc. 12]. The defendant responded to the amended complaint with a motion to dismiss the amended complaint, [Doc. 13]. After response, [Doc. 16], and reply, [Doc. 17], the Court ordered the plaintiff to file a second amended complaint which complied with Federal Rules of Civil Procedure 8, [Doc. 18]. After extensions of time, the second amended complaint was filed on January 7, 2009, [Doc. 25]. Defendant responded to the second amended complaint on January 30, 2009, with a motion to dismiss the second amended complaint, [Doc. 26]. The plaintiff responded to this motion on March 4, 2009, [Doc. 33].

On March 11, 2009, the parties filed a joint "notice" that the parties had "resolved defendant's pending motion to dismiss," [Doc. 35]. The parties agreed that the plaintiff would file, on or before April 15, 2009, "a single, consolidated complaint which shall contain all legal and equitable theories of recovery." They acknowledged that the agreement of the parties had rendered the pending motion to dismiss moot. On February 15, 2009, plaintiff filed his third amended complaint pursuant to the agreement of the parties, [Doc. 36], "supplanting the Complaint, Amended Complaint, Second Amended Complaint, and Plaintiff's Alternative Motion to Amend Complaint . . ." Defendant responded to the third amended complaint with the pending motion to dismiss.

II.     **The complaint's allegations**

According to the complaint, the plaintiff was a retailer of motor fuel who operated a business known as Old Timerz Gas & Grill, a convenience store and grill, in Jonesborough, Tennessee. Plaintiff was supplied gasoline/motor fuel for retail sale to the public by the

defendant, with the first delivery taking place on or about March 5, 2007. Shortly thereafter, plaintiff began to suspect that he was being "shorted" on the quantity of gasoline/motor fuel the defendant claimed to be delivering to plaintiff and for which the defendant was charging plaintiff. During May and June, 2007, the plaintiff "initiated a standard, acceptable method of measuring and determining the amount of fuel remaining in each tank immediately prior and after to [sic] the delivery of fuel from defendant." Plaintiff determined through these measurements that the deliveries of fuel were indeed short and he confronted the defendant. The defendant responded by threatening to remove the fuel pumps from plaintiff's business and the threat was carried out on June 29, 2007.

The complaint further alleges that the actions of defendant were "calculated to punish Ferrell for questioning the accuracy of motor fuel delivery and the legitimacy of measurement calculations" and the effect was to prevent the plaintiff from selling fuel to his customers. The termination of delivery of motor fuel and the removal of the fuel tanks "was done in disregard for the clear provisions of defendant's contractual agreement with plaintiff . . ." The plaintiff seeks damages for his lost profits, incidental and consequential damages to his business, punitive damages, and attorney's fees. In addition, he seeks equitable injunctive relief in that he seeks an order of the court requiring the defendant "to return and install the pumps in good working order on plaintiff's former premises at defendant's expense."

## III. Applicable legal standard

In plaintiff's complaint, he alleges causes of action for breach of contract, unjust

enrichment, conversion, fraud, negligent misrepresentation, interference with business relationships and violation of the Tennessee Consumer Protection Act. Defendant's motion is a partial motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant seeks dismissal of all alleged causes of action except for plaintiff's claim of unjust enrichment.

The court may dismiss a claim for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6). The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint–not to decide the merits of the case. It is well established that a complaint need not set forth in detail all of the particularities of the plaintiff's claim. Instead, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not, however, "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, - - - U.S. - - -, - - -, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. *Id*. The Supreme Court has indicated that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action" is insufficient).

To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S.

4

at 570. The requisite facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The plausibility requirement is not the same as a "probability requirement" but instead "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Examining whether a complaint states a plausible claim for relief is a "context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

A district court considering a motion to dismiss must construe the complaint in the light most favorable to the plaintiff and accept all well–pleaded allegations in the complaint as true. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998); *see also Iqbal*, 129 S. Ct. at 1950 ("when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibility give rise to an entitlement to relief."). Where the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. *Iqbal*, 129 S. Ct. at 1950.

## IV.  Analysis

As an initial matter, the Court will, as it must in deciding this Rule 12(b)(6) motion, accept all of the factual allegations of the complaint, such as they are, as true. The complaint before the Court is, however, the ***fourth*** complaint now filed by the plaintiff and plaintiff's counsel have, for whatever reason, shown an extreme reticence not only to set out their claims in a straightforward and forthright manner but also to allege further facts in support of their claims. Such tactics on the part of plaintiff are admittedly a source of frustration to

5

the Court, as they have been to the defendant in this case. Nevertheless, it is obvious that plaintiff is either unwilling or unable to plead additional facts in support of his claims and the Court will decide the motion based on the facts set forth above.

    A.    **Breach of contract**

Plaintiff sets forth his breach of contract claim in ¶¶ 15-18 of his consolidated amended complaint. Plaintiff alleges that on or about March 5, 2007, he entered into an "exclusive supply contract" with the defendant for the wholesale purchase of gasoline/motor fuel for retail sale. By reference to Tennessee Code Annotated §§ 47-1-205(1) and (2)[1], plaintiff apparently asserts that the contract and its terms are to be inferred from "the course of dealing and usage of trade" established with the previous owner of plaintiff's retail establishment. Plaintiff further alleges that the agreement between the plaintiff and defendant required the defendant to provide the pumps utilized by plaintiff's retail customers when buying fuel. Thus, reading the allegations of the complaint in the light most favorable

---

[1] Tennessee Code Annotated §§ 47-1-205(1) and (2) provide:

> **47-1-205. Course of dealing and usage of trade.** (1) A course of dealing is a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.
> (2) A usage of trade is any practice or method of dealing having such regularity of observance at a place, vocation or trade as to justify an expectation that it will be observed with respect to the transaction in question. The existence and scope of such a usage are to be proved as facts. If it is established that such a usage is embodied in a written trade code or similar writing the interpretation of the writing is for the court.

T.C.A. §§ 47-1-205(1) and (2)

to plaintiff, it appears to the Court that the plaintiff is alleging a contract between plaintiff and defendant based upon the course of dealing established between defendant and the previous owner of plaintiff's retail establishment and that the terms of such agreement included, at a minimum, an agreement that plaintiff would purchase gasoline/motor fuel exclusively from defendant and that defendant would supply motor fuel to plaintiff, using pumps provided by the defendant to be used by retail customers to fuel their vehicles.

Defendant argues that this claim is "too vague and ambiguous" to state a claim for relief. More specifically, defendant argues that it cannot reasonably prepare a response because the consolidated amended complaint does not state whether the "exclusive supply contract" is in writing or oral and the consolidated amended complaint does not state clearly the terms of the contractual agreement, does not state whether the requirement to provide gasoline pumps is express or implied and does not contain specific allegations as to how the plaintiff contends the defendant breached the contract. The defendant further complains that the contract, if written, should be attached to the complaint pursuant to Federal Rules of Civil Procedure 10(c).

The elements of a breach of contract action under Tennessee law[2] include: (1) existence of an enforceable contract (either oral or written), (2) non-performance amounting to a breach of the contract, and (3) damages caused by the breach. *ARC LifeMed, Inc. v.*

---

[2] This United States District Court, sitting in Tennessee, applies the substantive of the state in which it sits, *i.e.*, Tennessee. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) (holding that a federal district court is required to apply the law of the state in which it sits in resolving questions of substantive law). Neither party has suggested that the substantive law of any other state applies in this case.

*AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005); *Lifecare Cntrs. of Amer., Inc. v. Charles Town Assoc's., Ltd. Partnership,* 79 F.3d 496, 514 (6th Cir. 1996). While the Court is somewhat dismayed at plaintiff's refusal to supply further factual allegations in support of his breach of contract claim, the Court cannot say, as a matter of law, that the complaint does not sufficiently plead the elements of a breach of contract claim under Tennessee law and the defendant's motion as to this claim will be denied. While it is true that many of the evidentiary details noted by defendant are not addressed in the complaint, these may be adequately addressed through appropriate discovery in the case and, if the plaintiff cannot prove a set of facts which would entitle him to relief on this theory, defendant may be entitled to summary judgment on the claim.

As noted above, the defendant also complains that the contract, if written, should be attached as an exhibit to plaintiff's complaint, pursuant to Rule 10(c). A fair reading of the complaint, however, suggests that the alleged contract, based on a course of conduct and usage of trade, is oral and/or implied. Once again, however, this is an evidentiary matter which should be addressed in discovery. Furthermore, while it is certainly good practice to attach a written contract to a plaintiff's complaint for breach of contract where one exists, the explicit terms of Rule 10(c) do not require that. Rule 10(c) *authorizes* the incorporation of "any written instrument which is an exhibit" attached to a pleading and makes the material thus incorporated a part of that pleading for all purposes. Fed. R. Civ. P. 10(c); 5A Wright & Miller, *Federal Practice and Procedure: Civil* 3d § 1327.

**B.     Conversion**

Plaintiff sets forth his claim for conversion in paragraph 21 of the consolidated amended complaint. That paragraph reads as follows:

> 21. Defendant, by the conduct heretofore described, has retained gasoline and funds that rightfully belonged to Plaintiff, Defendant having acquired same by trick and artifice and thereafter converting these to its own use while depriving Plaintiff of their use and benefit. Plaintiff is therefore entitled to the value of the gasoline, a dollar amount equal to the funds wrongfully acquired by Defendant, plus interest, and also punitive damages in an amount sufficient to punish Defendant for "civil theft".

[Doc. 36, ¶ 21].

Conversion is the appropriation of tangible property to a party's own use in exclusion or defiance of the owner's rights. *Marks, Shell & Maness v. Mann,* 2004 WL 1434318 (Tenn. Ct. App. 2004) (unpublished) (citing *Barger v. Webb*, 216 Tenn. 275, 278, 391 S.W. 2d 664, 665 (1965)); *Lance Prods., Inc. v. Commerce Union Bank*, 764 S.W.2d 207, 211 (Tenn. Ct. App. 1988)). Conversion is an intentional tort, and a party seeking to make out a *prima facie* case of conversion must prove (1) the appropriation of another's property to one's own use and benefit, (2) by the intentional exercise of dominion over it, (3) in defiance of the true owner's rights. *Id*. (citing *Kinnard v. Shoney's, Inc.*, 100 F.Supp.2d 781, 797 (M.D. Tenn. 2000); *Mammoth Cave Prod. Credit Ass'n v. Oldham* , 569 S.W.2d 833, 836 (Tenn. Ct. App. 1977)).

The defendant argues that plaintiff has failed to sufficiently plead a claim for conversion. More specifically, the defendant claims that the plaintiff has failed to plead that defendant deprived plaintiff of anything. According to defendant, plaintiff has simply

9

alleged a failure on the part of the defendant to deliver gasoline but has not alleged the appropriation of something that belongs to plaintiff to defendant's use and benefit by the exercise of dominion over it in defiance of plaintiff's right. The plaintiff responds that he has alleged that "defendant committed conversion by having acquired funds that rightfully belong to plaintiff by trick and artifice, and thereafter converting these to its own use while depriving plaintiff of the use and benefit of its funds." Thus, plaintiff contends that defendant appropriated to his own use money and/or gasoline, in defiance of plaintiff's right to possess it.

As set forth above, conversion is an intentional tort. Although plaintiff alleges that defendant appropriated money and/or gasoline belonging to him "by trick and artifice and thereafter converting these to its own use," the plaintiff pleads no facts which would support such a conclusory allegation. The essence of plaintiff's complaint is that the defendant billed him for more gasoline than was delivered. Such an allegation does not state a claim for conversion under Tennessee law. Defendant's motion in this regard will be granted and the claim for conversion will be dismissed.

**C.     Fraud**

Plaintiff's claims for fraud and negligent misrepresentation are set forth in paragraph 22 of his consolidated amended complaint, which reads as follow:

> 22. Defendant, by the conduct heretofore described, did commit the tort of fraud and negligent misrepresentation by falsely and/or negligently misrepresenting the amounts of gasoline/motor fuel being delivered to Plaintiff to be greater than the amounts actually delivered, thereby deceiving Plaintiff

> and upon which Plaintiff relied to his detriment by overpaying Defendant for gasoline/motor fuel that was not delivered. Plaintiff here alleges that the false and/or negligent misrepresentation perpetrated by Defendant upon Plaintiff as heretofore described was knowingly and/or intentionally done. Plaintiff is therefore entitled to damages in the amount of the overpayment for undelivered gasoline, lost profits, interest, and punitive damages due to the egregious nature of Defendant's conduct.

[Doc. 36, ¶ 22].

Defendant alleges, in short, that plaintiff has not pled his fraud claim with the particularity required by the rules of civil procedure. Further, citing *Hodges v. S.C. Toff & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992), the defendant alleges that the plaintiff's complaint does not sufficiently plead the "reasonable reliance" element of fraud and that the allegations of paragraphs 9 and 10 of the consolidated amended complaint preclude plaintiff from establishing such reliance. Paragraphs 9 and 10 of the amended complaint state:

> 9. Plaintiff on May 7, 2007, initiated a standard, acceptable method of measuring and determining the amount of fuel remaining in each tank immediately prior and after to [sic] the delivery of fuel from Defendant.
>
> 10. Plaintiff continued the measuring method upon each delivery of fuel by Defendant through June 20, 2007, when Defendant again showed a fifth consecutive measured shortage in the fuel claimed to be delivered and the amount of fuel actually deposited in the tanks following delivery. Plaintiff determined through actual measurement the shortage in fuel delivered and confronted the Defendant.

[Doc. 36, ¶¶ 9-10].

The plaintiff responds only that the specificity of the time and place of the fraud is set forth in the complaint and claims that his allegation that the defendant invoiced gasoline

which the plaintiff did not receive constitutes fraud. Defendant further suggests that "plaintiff has alleged he paid the false invoices relying on defendant's representations of the amounts of fuel being delivered," and such allegation "should" be sufficient on the reasonable reliance element.

Rule 9(b) provides:

> (b) **Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), a complaint of fraud, "at a minimum, must 'allege the time, place, and content of the alleged misrepresentation on which [the plaintiff] relied; the fraudulent scheme; the fraudulent intent of the defendant[ ]; and the injury resulting from the fraud.'" *United States, ex rel. Bledsoe v. Cmty. Health Sys., Inc*., 342 F.3d 634, 643 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.,* 2 F.3d 157, 161-62 (6th Cir. 1993) (internal quotation marks and citations omitted)). The reason for the heightened pleading requirement of Rule 9(b) is that claims of fraud "raise a high risk of abusive litigation." *See Twombly*, 550 U.S. at 544. Rule 9(b) is intended to provide defendants with "notice of the specific conduct with which they were charged," so the defendants can prepare responsive pleadings. *United States, ex rel. Bledsoe v. Cmty Health Sys, Inc.*, 501 F.3d 493, 510 (6th Cir. 2007).

Under Tennessee law, the elements of an action for fraud are: (1) an intentional misrepresentation with regard to a material fact; (2) knowledge of the misrepresentation's falsity-that the representation was made knowingly or without belief in its truth, or recklessly

without regard to its truth or falsity; (3) that the plaintiff reasonably relied on the misrepresentation and suffered damage; and (4) that the misrepresentation relates to an existing or past fact, or if the claim is based on promissory fraud, then the misrepresentation must embody a promise of future action without the present intention to carry out the promise. *Kelly v. International Capital Resources, Inc.*, 231 F.R.D. 502, 517 (M.D. Tenn. 2005) (citing *Shah v. RaceTrac Petroleum Co.*, 338 F.3d 557, 566-67 (6th Cir. 2003)).

The defendant attacks plaintiff's fraud claim in several respects. First of all, the defendant alleges that plaintiff has not met the particularity requirement of Federal Rule of Civil Procedure 9(b) and that plaintiff's allegation that defendant committed fraud by "falsely representing" the amounts of gasoline delivered is not sufficient to satisfy the particularity pleading requirements. More specifically, defendant alleges that plaintiff states only that he noticed shortages of gasoline between March and June of 2007 but does not allege the content of any representations or misrepresentations at all. The defendant specifically argues that plaintiff should allege, at a minimum, the quantity of gasoline defendant invoiced and the quantity of gasoline defendant actually delivered. Lastly, defendant argues that plaintiff has not plead allegations to support the element of reasonable reliance, arguing that because plaintiff measured the gasoline, he did not rely on any representations by defendant.

The plaintiff responds only by claiming that he has specifically alleged the time and place of the fraud and argues that since plaintiff paid false invoices, "this should be sufficient" to allege the reliance element of the claim of fraud.

This Court is constrained to agree with defendant that, after four attempts, the plaintiff

has not plead his claim of fraud with the particularity required by Rule 9. There is no allegation in the complaint that can be construed as an allegation that the misrepresentation (*i.e.*, that the quantity of gasoline specified on the invoices was in fact delivered) was made with knowledge of its falsity and the complaint raises only the possibility otherwise. Under the precedent discussed above, this is not sufficient for the plaintiff to state a claim for relief on his claim of fraud.

**D.     Negligent misrepresentation**

As set forth by defendant, the elements of a claim of negligent misrepresentation under Tennessee law are: (1) defendant acts in the course of his business, profession, or employment, or in a transaction which he has a pecuniary interest, (2) defendant supplies faulty information meant to guide others in their business transactions, (3) defendant fails to exercise reasonable care in obtaining or communicating the information, and (4) plaintiff justifiably relies upon the information. *Robinson v. Omer*, 952 S.W.2d 423, 427 (Tenn. 1997).

Defendant's only claim here is that "plaintiff specifically alleges that he did not rely upon defendant for the amount of gasoline delivered." Citing ¶¶ 9 and 10 of the consolidated amended complaint, defendant argues that plaintiff, rather than relying on defendant's representations, measured the quantities of gasoline delivered himself. The Court agrees with plaintiff that a reading of ¶¶ 9 and 10 of the consolidated amended complaint do not support such a conclusion. Plaintiff's reliance, and the reasonableness thereof, is a question of fact to be decided after appropriate discovery in the case. Defendant's motion as to the

negligent misrepresentation claim is denied.

   E.   **Interference with business relationships**

In 2002, the Tennessee Supreme Court recognized the tort of intentional interference with existing or prospective business relationships. *See Trau-Med of America, Inc. v. Allstate Insurance Co.*, 71 S.W.3d 691 (Tenn. 2002). In order to prevail in Tennessee on the tort of intentional interference with existing or prospective business relationships, a plaintiff must be able to prove five (5) elements: (1) Plaintiff must prove an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant must know of the relationship, and this element is not met by "mere awareness" of plaintiff's general business dealings; (3) the defendant must intend to cause the breach or termination of the business relationship; (4) a defendant must have an "improper motive" or use "improper means;" and (5) the plaintiff must suffer injury from the tortuous interference. *Watson's Carpet v. McCormick*, 247 S.W.3d 169 (Tenn. Ct. App. 2007).

Defendant makes two claims here. First, the plaintiff argues that the consolidated amended complaint "does not allege anything other than that a general awareness of plaintiff's business dealings with others." Secondly, defendant argues that plaintiff does not allege that defendant took steps to prevent plaintiff from having business dealings with others. Specifically, defendant argues that plaintiff simply alleges that defendant terminated its business dealings with the plaintiff, which had a consequential effect on plaintiff's business dealings with others. Plaintiff responds that a reasonable inference to be drawn

from the factual allegations of the amended complaint is that defendant, a wholesale supplier of gasoline, "was certainly aware of plaintiff's business and the existence of retail customers to whom he could no longer sell gasoline after the removal of the pumps by the defendant."

Given the limited nature of the defendant's motion to dismiss this claim, the Court is constrained to agree with plaintiff. The factual allegations of the complaint are sufficient to allow the factfinder to infer that plaintiff had an existing relationship or a prospective relationship with an identifiable class of retail customers, that defendant, a wholesale supplier of gasoline, knew of the relationship beyond a mere awareness of plaintiff's general business dealings, that defendant intended to cause the termination of the prospective business relationships by removal of the gasoline pumps, that defendant had an improper motive or used improper means and that plaintiff suffered injury from the interference. Defendant's motion to dismiss the claim for interference with business relationships is DENIED.

### F.     Violation of Tennessee Consumer Protection Act

Tennessee has enacted a "Tennessee Consumer Protection Act ("TCPA")." *See* T.C.A. § 47-18-101, et seq. The Act prohibits unfair or deceptive acts or practices effecting the conduct of any trade or commerce, T.C.A. § 47-18-104(a), and sets forth numerous examples of unfair or deceptive acts or practices which are declared to be unlawful. T.C.A. § 47-18-104(b).

Defendant makes two arguments with respect to the claim for violation of the TCPA made by the plaintiff: (1) that plaintiff has not stated his allegations with particularity; and (2) that plaintiff has not alleged that he reasonably relied to his detriment on the unfair or

deceptive acts in question. Plaintiff, of course, disagrees.

The TCPA is explicitly remedial, and courts are therefore required to construe it liberally to protect consumers in Tennessee and elsewhere. *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115 (Tenn. Ct. App. 2005) (citing T.C.A. § 47-18-115; *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 925 (Tenn. 1988); *Morris v. Mack's Used Cars*, 824 S.W.2d 538, 540 (Tenn. 1992)). "The scope of the TCPA is much broader than that of common-law fraud. Under the TCPA, a consumer can obtain recovery without having to meet the burden of proof that is require in common-law fraud cases, and the numerous defenses that are available to the defendant in a common-law fraud case are simply not available to the defendant in a TCPA case." *Tucker,* 180 S.W.3d at 115, (citing *Smith v. Baldwin*, 611 S.W.2d 611, 616 (Tex. 1980)). "Misrepresentations that would not be actionable as common-law fraud may nevertheless be actionable under . . . the TCPA." *Id*. (citing *Stutman v. Chemical Bank*, 95 N.Y.2d 24, 709 N.Y.S.2d 892, 731 N.E.2d 608, 611-12 (2000); *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 724 (Tex. 1990)). "Claims under the TCPA are not limited to misrepresentations that are fraudulent or willful." *Id.* (citing *Smith v. Scott Lewis Chevrolet*, *Inc.*, 843 S.W.2d 9, 12-13 (Tenn. Ct. App. 1992)).

In order to recover under the TCPA, a plaintiff must prove: (1) that the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA, and (2) that the defendant's conduct caused an "ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity or thing of value wherever situated . . . ." *Id*. (citing T.C.A. § 47-18-109(a)(1)).

17

Given the remedial nature of the TCPA and the requirement that courts construe the Act liberally in favor of plaintiffs, the court is unwilling to dismiss the TCPA claim absent factual development, especially in view of the limited nature of the defendant's motion to dismiss. The motion to dismiss the TCPA claim is DENIED.

### G. Equitable relief

In paragraph 23 of his consolidated amended complaint, plaintiff seeks an injunction requiring the defendant "to return and install the pumps in good working order on plaintiff's former premises at defendant's expense or pay the cost of retrofitting plaintiff's former tanks with modern pumps that have the appearance of the by-gone era the removed pumps represent." [Doc. 36, ¶ 23]. The defendant seeks dismissal of the claim for equitable relief on the grounds that the plaintiff's allegations demonstrate that the case is simply a money damages case and that equitable relief would be improper. Plaintiff responds by arguing that his remedy at law is inadequate and that the wrongful removal of the gasoline pumps "would ***best*** be rectified by their restoration to the premises through court directive ***or*** money damages sufficient to pay the cost of retrofitting plaintiff's tanks with modern pumps having the appearance of the by-gone era the removed pumps represent." [Doc. 33, p. 7] (emphasis added).

The defendant correctly argues that before equitable relief is proper, it must be shown that an adequate remedy at law does not exist. *See Taylor v. Unumprovident Corp.*, 2005 WL 3448052 at *6 (E.D. Tenn. 2005). The Court agrees with the defendant that plaintiff's complaint, on its face, shows that there is an adequate remedy at law and that plaintiff has

not set forth a proper claim for equitable relief in this case. The motion of defendant will be GRANTED as to the claim for equitable relief.

## V. Conclusion

For the reasons set forth above, defendant's motion to dismiss the consolidate amended complaint in part is **GRANTED IN PART** and **DENIED IN PART**. More specifically, the plaintiff's claims for conversion, fraud and for equitable relief are **DISMISSED**. The case will proceed with respect to plaintiff's breach of contract, negligent misrepresentation, interference with business relationships and violation of the Tennessee Consumer Protection Act claims.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
